UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LAWRENCE LHEVAN, | ) | No. SACV 16-1240-GW (AGR) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| E. VALENZUELA, | ) | |
| Respondent. | ) | |

On July 5, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, the Court orders Petitioner to show cause, on or before **August 12, 2016**, why this Court should not recommend dismissal without prejudice for failure to exhaust state remedies.

**I.**

**EXHAUSTION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the

applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364 (1995).

Petitioner states he pleaded guilty in Orange County Superior Court to a felony charge of making direct threats to injure a public employee, and to two other crimes.[1] (Petition at 1-2.) *See* Cal. Penal Code § 71(a). He asserts the following four claims:

1. The trial judge wrongly denied Petitioner's motion to withdraw his plea, a motion made after Petitioner obtained the police report and concluded the case against him was weak.
2. Excessive bail in violation of the Eighth Amendment.
3. "I wasn't given all the discovery until I arrived at . . . state prison."
4. "Denied sufficient [resources] at Orange County jail to help defend myself. I didn't have access to a law library or even a pen."

Petitioner checks boxes on the form petition admitting that he did not appeal and, with one exception, that he did not raise these claims "through a post-conviction motion or petition for habeas corpus in a state trial court." The exception is Ground Three, which petitioner says he raised in the trial court by sending a letter to the judge, but "it was denied." (Petition at 10.)

---

[1] As of the date Petitioner signed the petition (June 29, 2016), Petitioner states he plead guilty about six months earlier. (Petition at 14.)

Petitioner clearly has not exhausted any of his claims by presenting them to California Supreme Court.  The Court takes judicial notice that the state courts' public records include no action filed by a Michael Lhevan in the California Supreme Court since 2009.  Petitioner must exhaust his claims in the California Supreme Court before presenting them in federal court.

For these reasons, it appears that the Petition in this Court is completely unexhausted.  The Ninth Circuit recently held that a district court has authority to stay habeas petitions that are wholly unexhausted.  *Mena v. Long*, 813 F.3d 907, 912 & n.3 (9th Cir. 2016).  In light of *Mena*, Petitioner may file a motion for a stay of his federal habeas petition while he exhausts his claim before the California Supreme Court.  To obtain a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must show that he had good cause for failing to exhaust claims in the California Supreme Court, that his claims are "potentially meritorious" and that he has not engaged in intentional delay tactics.  *Id.* at 277-78.  Alternatively, Petitioner may seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Petitioner should promptly initiate exhaustion proceedings in the state court without waiting for a ruling from this court on his motion for a stay.

## II.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **August 12, 2016**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice for failure to exhaust state remedies.  If Petitioner contends that the exhaustion requirement has been met, Petitioner should attach a complete copy of his petition before the California Supreme Court, a complete copy of any decision by the California Supreme Court, and clearly explain how the exhaustion requirement has been met.  If Petitioner wishes to seek a stay while he exhausts remedies in state court, Petitioner must file a motion for stay of proceedings on or before **August 12, 2016**.

3

*If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, without prejudice, for failure to exhaust Petitioner's claims.*

DATED: July 14, 2016

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

4